UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| NELSON RYDER, | |
|---|---|
| Plaintiff, | CIVIL ACTION NO. 3:13-CV-01498 |
| v. | (MARIANI, J.) |
| ANTHONY LUSCAVAGE, et al., | (MEHALCHICK, M.J.) |
| Defendants | |

## REPORT AND RECOMMENDATION

Plaintiff Nelson Ryder is an inmate currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania. On June 4, 2013, Ryder, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). On June 4, 2013, Ryder also filed a motion for preliminary injunction. (Doc. 3). Ryder did not file a brief in support of the motion.

Ryder alleges that defendants are deliberately indifferent to his medical needs by failing to make reasonable accommodations regarding his poor foot function. (Doc. 3). Ryder requests this Court enter an Order requiring defendants provide reasonable accommodations for his condition, and "desist from requiring plaintiff to perform work assignments which are inconsistent with his serious medical condition." (Doc. 3).

Preliminary injunctive relief is extraordinary in nature and should only be issued in limited circumstances. *Meekins v. Law*, 2008 WL 239564, at *1 (M.D. Pa. Jan. 28, 2008). *See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.,* 42 F.3d 1421, 1426-27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Orson, Inc. v. Miramax Film, Corp.,* 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following

four factors: (1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest. *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). It is the moving party that bears the burden of satisfying these factors. *United States v. Bell,* 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003) (internal citations omitted).

Ryder has failed to show irreparable harm absent issuance of an injunction. *See Rush v. Corr. Med. Servs., Inc.*, 287 Fed. Appx. 142, 144 (3d Cir. 2008). To show irreparable harm, a plaintiff must demonstrate a clear showing of immediate, irreparable injury; an injunction may not be used to eliminate the possibility of a remote future injury. *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994). Ryder has provided the Court with no information or evidence regarding his current medical condition, and has failed to establish that he is in danger of immediate irreparable harm. *See Rush,* 287 Fed. Appx. at 144. As such, it is recommended that Plaintiff's motion for preliminary injunction be **DENIED**. (Doc. 3).

                        **BY THE COURT:**

**Dated: January 6, 2014**                       *s/ Karoline Mehalchick*
                                                       **KAROLINE MEHALCHICK**
                                                       **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

NELSON RYDER,

        Plaintiff,

v.

ANTHONY LUSCAVAGE, et al.,

        Defendants

CIVIL ACTION NO. 3:13-CV-01498

(MARIANI, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 6, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: January 6, 2014**

                                            *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **United States Magistrate Judge**