UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nelson Ryder,<br><br>                    Plaintiff<br><br>        v.<br><br>Janet Bartholomew, et al.<br><br>                    Defendants | CIVIL ACTION NO. 3:13-CV-1498<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This is a *pro se* civil rights action, initiated upon the filing of the original complaint in this matter on June 4, 2013. (Doc. 1). Before this Court are several motions, including Plaintiff's Motion for Reconsideration (Doc. 55) of this Court's Order denying his motion for copies of docket entries (Doc. 53), the motion (Doc. 63) of Defendant, Prison Health Service, Inc., to dismiss Plaintiff's Second Amended Complaint (Doc. 38), Plaintiff's Motion for Extension of Time to Effect Service of Process by US Marshal (Doc. 68), a Motion to Stay Discovery (Doc. 72) filed by Defendants Boguslaw, Davis and Rockwell, and a Motion for Extension of Time to Respond to Plaintiff's Third Amended Complaint (Doc. 73) filed by Defendants Bartholomew, Bordner, Brumfield, Burgos, Delbaugh, Ebersole, Fetterman, Foulds, Hamilton, Luscavage, Ritchey, Taylor and Wariki.[1] The Court addresses these motions herein.

---

[1] Also pending before this Court, but not addressed in this present memorandum, are the Motion to Dismiss filed by Defendants Boguslaw, Davis and Rockwell (Doc. 70) and Plaintiff's Motion for Preliminary Injunction (Doc. 65).

1. PLAINTIFF'S MOTION FOR RECONSIDERATION

On February 27, 2014, Plaintiff filed a Motion for Copies of Docket Entries and to Use the Court's Transmission Facilities (Doc. 51), and a brief in support thereof (Doc. 52). On March 12, 2014, this Court denied Plaintiff's motion. (Doc. 53). In his motion, Plaintiff sought an order "directing the Clerk to print and serve upon plaintiff a hardcopy of all submissions docketed in this case [. . .]." (Doc. 52, p. 3). Plaintiff also sought an order permitting him to "file a hard copy of all documents on paper in the traditional manner which shall, upon the written request attached hereto, be transmitted electronically by the Clerk to all parties in connection with this action using the Court's transmission facilities." (Doc. 52, p. 4). Citing to the Local Rules and to the relevant case law, this Court denied Plaintiff's motion. (Doc. 53). Plaintiff has filed a Motion for Reconsideration (Doc. 55) of this Order.

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Philadelphia*, No. 1:13-CV-510, 2013 WL 5781732, at *1 (M.D. Pa. Oct. 25, 2013). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting another source).

In his motion (Doc. 55), Plaintiff cites no intervening change in the law, no new evidence, and no clear error of law or fact, and does not point to or describe or even mention any manifest injustice that might occur should the Court not reconsider its Order. As such, the Court will deny Plaintiff's motion for reconsideration.

2. MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FILED BY DEFENDANT PRISON HEALTH SERVICE, INC.

On April 10, 2014, Defendant Prison Health Service, Inc. filed a Motion to Dismiss (Doc. 63) Plaintiff's Second Amended Complaint. (Doc. 38). Plaintiff's Second Amended Complaint was filed on January 6, 2014. (Doc. 38). On January 30, 2014, Plaintiff filed a Third Amended Complaint (Doc. 48) against several defendants, including Defendant Prison Health Service. As such, Defendant's Motion to Dismiss the Second Amended Complaint is moot. The Court will deny Defendant's Motion to Dismiss as moot, and without prejudice. Defendant Prison Health Service, Inc., is directed to file a response to Plaintiff's Third Amended Complaint (Doc. 48) within thirty (30) days from the date of today's Order, or on or before **June 26, 2014**.

3. PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE

On January 23, 2014, the Court directed the United States Marshal to send the form Notice of Lawsuit and Request for Waiver of Service of Summons to Defendants, along with a copy of Plaintiff's Third Amended Complaint. (Doc. 47). To date, all defendants have been served and had counsel enter an appearance on their behalf, except for Defendant Patricia Gessner. Service was due to be effectuated no later than May 23, 2014. Plaintiff has requested that, pursuant to Federal Rule of Civil Procedure 6(b), this Court extend the period of time in which to effect service.

The Court will grant Plaintiff's motion in part, and direct the Clerk of Court to issue process to the United States Marshal, who shall personally serve Plaintiff's Third Amended Complaint (Doc. 48) upon **Defendant Patricia Gessner, LPN** in accordance with Rule 4(e) of the Federal Rules of Civil Procedure, at the following address identified by Plaintiff:

> **Defendant Patricia Gessner, LPN**
> **ATTN: Litigation Coordinator**
> **SCI-Coal Township**
> **One Kelley Drive**
> **Coal Township, PA 17866**

The Court will deny Plaintiff's request that a Notice of Lawsuit and Request for Waiver not be sent. The Clerk of Court will be directed to serve Defendant Gessner with those documents, together with a form Notice and Consent to the Jurisdiction of a Magistrate Judge.

4. <u>Motion of Defendants Bartholomew, Bordner, Brumfield, Burgos, Delbaugh, Ebersole, Fetterman, Foulds, Hamilton, Luscavage, Ritchey, Taylor and Wariki For Extension of Time to Respond to Plaintiff's Third Amended Complaint</u>

Defendants Bartholomew, Bordner, Brumfield, Burgos, Delbaugh, Ebersole, Fetterman, Foulds, Hamilton, Luscavage, Ritchey, Taylor and Wariki returned Waivers of Service on April 2, 2014. (Doc. 57). These Defendants' response to Plaintiff's Third Amended Complaint was due on May 23, 2014. On May 23, 2014, these Defendants filed a motion for extension of time to respond to Plaintiff's Third Amended Complaint.[2] The Court will grant the motion, and

---

[2] The Court notes that one of the reasons these Defendants have sought an extension of time to respond to the third amended complaint is "other litigation responsibilities" of counsel. (Doc. 73, ¶ 2). The Court advises counsel that normal workload issues such as "other litigation responsibilities", without further explanation and exceptional circumstances, should not be the basis of a motion for an extension of time, and no further extensions will be granted for such a reason.

direct these Defendants to file a response to Plaintiff's Third Amended Complaint (Doc. 48) within thirty (30) days from the date of today's Order, or on or before **June 26, 2014**.

5. MOTION OF DEFENDANTS BOGUSLAW, DAVIS AND ROCKWELL TO STAY DISCOVERY

Finally, Defendants Boguslaw, Davis and Rockwell have filed a Motion to Stay Discovery pending disposition of their Motion to Dismiss. (Doc. 72). These Defendants submit that discovery is premature at this juncture of the litigation. The Court has broad discretion to stay discovery pending a dispositive motion. *Flores v. Pennsylvania Dep't of Corr.*, 3:CV-12-1149, 2013 WL 2250214 (M.D. Pa. May 22, 2013); citing *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1560 (11th Cir.1985). A stay is proper where the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay. *79th St. Baptist Church v. St. Peters Episcopal Church,* 190 F.R.D. 345, 349 (E.D.Pa.2000). The Third Circuit, in *Mann v. Brenner,* 375 F. App'x 232, 239–40 (3d Cir.2010), stated that staying discovery while evaluating a motion to dismiss may be appropriate in certain circumstances. For instance, staying discovery would be appropriate while evaluating a motion to dismiss where, if the motion to dismiss is granted, discovery would be futile. *Id.* (citing *Iqbal,* 129 S.Ct. at 1954) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery."). For these reasons, the Court will grant Defendants' motion to stay discovery pending resolution of any outstanding motions to dismiss. In light of the procedural posture of this case, little, if any, prejudice will result to Plaintiff by granting a stay.

**An appropriate Order will follow.**

**Dated: May 27, 2014**                                              *s/ Karoline Mehalchick*
                                                                    **KAROLINE MEHALCHICK**
                                                                    **United States Magistrate Judge**