THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NELSON RYDER,

    Plaintiff

v.     3:13-CV-1498
    (JUDGE MARIANI)

JANET BARTHOLOMEW, et al.,

    Defendants

## MEMORANDUM OPINION

Presently before the Court are two motions (Docs. 143, 150) by Plaintiff, Nelson Ryder, to Alter or Amend two Orders entered by the District Court in January, 2015 (Docs. 140, 141).

On September 12, 2014, Magistrate Judge Mehalchick issued an Order (1) granting Defendants' Motion to Deem Timely Filed and Served (Doc. 111); (2) granting Plaintiff's Motion to Withdraw the Motion for Entry of Default (Doc. 114); and (3) denying Plaintiff's Motions for Entry of Default (Doc. 106, 115). (Doc. 128). Plaintiff subsequently filed objections to Magistrate Judge Mehalchick's Order pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2 (Doc. 130), which the Court interpreted as an appeal of the Magistrate Judge's Order. On January 16, 2015, the Court, entered an Order affirming the Magistrate Judge's rulings. (Doc. 140).

On January 20, 2015, the Court adopted in part and vacated in part a Report and Recommendation ("R&R") (Doc. 134) written by Magistrate Judge Mehalchick. (Doc. 141).

Specifically, this Court dismissed the Commonwealth Defendants and Defendant Prison Health Services, but remanded the action to the Magistrate Judge to re-analyze the Motion to Dismiss of Defendants Boguslaw, Davis, and Rockwell as well as Plaintiff's Motion for Preliminary Injunction. (Doc. 141).

On January 29, 2015, Plaintiff filed "Rule 59(e) Motion to Alter or Amend Document Number 128 Order Entered on January 16, 2015 and Document 141 Order Entered on January 20, 2015" (Doc. 143) and a supporting brief (Doc. 144).[1] The Commonwealth Defendants timely filed a brief in opposition. (Doc. 145).

On March 3, 2015, this Court ruled on two appeals filed by Plaintiff (Docs. 81, 86) of Magistrate Judge Mehalchick's Orders (Docs. 75, 82), affirming both Orders. (Doc. 148).

On March 4, 2015, the Court adopted Magistrate Judge Mehalchick's R&R (Doc. 142) granting the Motion to Dismiss of Defendants Boguslaw, Davis, and Rockwell and denying Plaintiff's Motion for Preliminary Injunction. (Doc. 149). In so doing, the Court also directed the Clerk of Court to close the case. (*Id.*).

On March 11, 2015, Plaintiff filed a letter with the Court "seeking a status report on the disposition of the Document 144 Motion to Alter or Amend the Document 140 and 141 Orders entered in this action on January 16, 2015, and January 20, 2015, respectively." (Doc. 150). On July 16, 2015, the Third Circuit issued an Order construing Plaintiff's letter

---

[1] While Document 140 is the Court's Order entered on January 16, 2015, Document 128 is Magistrate Judge Mehalchick's Order which the Court affirmed in Document 140.

"as a [timely] renewed request to alter or amend two of the District Court's Orders filed in January 2015." (Doc. 156).

Therefore, the Court now considers in turn Plaintiff's "Rule 59(e) Motion to Alter or Amend Document Number 128 Order Entered on January 16, 2015 and Document 141 Order Entered on January 20, 2015" (Doc. 143) and Plaintiff's letter dated March 11, 2015, (Doc. 150) which the Third Circuit has instructed us to consider as a timely renewed motion to alter or amend two of District Court's January 2015 Orders.

### A. Plaintiff's "Rule 59(e) Motion to Alter or Amend Document Number 128 Order Entered on January 16, 2015 and Document 141 Order Entered on January 20, 2015" (Doc. 143).

Plaintiff's first Rule 59(e) motion, dated January 29, 2015, is procedurally flawed. Plaintiff asserts relief pursuant to Fed. R. Civ. P. 59(e), which is inapplicable where the order that a party seeks to have reconsidered is not a final judgment or order. *See, e.g., Bausch & Lomb, Inc. v. Moria S.A.*, 222 F.Supp.2d 616, 669 (E.D. Pa. 2002). Pursuant to Fed. R. Civ. P. 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A "judgment", as defined by the Federal Rules of Civil Procedure, "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). However, "[o]rdinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999).

Although Fed. R. Civ. P. 54(b)[2] "provides a mechanism for rendering a partial final judgement as to some, but not all, parties or claims in a single action", in the absence of a valid Rule 54(b) order by the District Court, an appellate court will generally not have appellate jurisdiction "over a district court order that resolves fewer than all the claims of all the parties in a single action because such orders do not constitute 'final decisions' per 28 U.S.C. § 1291." *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005).

As a result, Plaintiff's first Rule 59(e) motion seeking review of the Court's Order affirming Magistrate Judge Mehalchick's Order on non-dispositive motions as well as review of this Court's dismissal of Prison Health Services and the Commonwealth Defendants, but *not* Defendants Boguslaw, Davis, and Rockwell, was premature and will be denied on that basis.

### B. Plaintiff's Letter Dated March 11, 2015 (Doc. 156).

The Court of Appeals construed Plaintiff's Letter dated March 11, 2015 (Doc. 156) as "a renewed request to alter or amend two of the District Court's Orders filed in January 2015." (Doc. 156). We will thus treat it as such, and understand Plaintiff's prior brief in

---

[2] Federal Rule of Civil Procedure 54(b) provides that:
> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

support of his Rule 59(e) motion (Doc. 144) and Defendants' brief in opposition to Plaintiff's motion (Doc. 145) to be the applicable briefs as to this renewed motion.

A review of Plaintiff's Rule 59(e) motion and accompanying brief shows that it is directed at this Court's January 16, 2015 Order (Doc. 140) and January 20, 2015 Order.

The Court's January 16, 2015 Order (Doc. 140) affirmed the Magistrate Judge's decisions on several non-dipositive motions. Specifically, the Magistrate Judge (1) granted Defendants' Motion to Deem Timely Filed and Served (Doc. 111); (2) granted Plaintiff's Motion to Withdraw the Motion for Entry of Default (Doc. 114); and (3) denied Plaintiff's Motions for Entry of Default (Doc. 106, 115). (Doc. 128). In reviewing the Magistrate Judge's determinations, the Court found that none of her decisions were clearly erroneous or contrary to law.

Upon *de novo* review of the Magistrate Judge's R&R (Doc. 134), the Court then issued an Order on January 20, 2015 (Doc. 141), adopting in part and vacating in part the R&R. Specifically, this Court dismissed the Commonwealth Defendants and Defendant Prison Health Services, but remanded the action to the Magistrate Judge to re-analyze the Motion to Dismiss of Defendants Boguslaw, Davis, and Rockwell as well as Plaintiff's Motion for Preliminary Injunction. (Doc. 141).

Plaintiff's brief seeking to alter or amend the Court's aforementioned January 2015 Orders first argues that this Court erred in Document 141 in granting Defendant Prison Health Services, Inc.'s Motion to Dismiss or, in the Alternative, Motion for Summary

Judgment (Doc. 85) and Motion of the Commonwealth Defendants to Dismiss or, in the Alternative, for Summary Judgment (Doc. 112) because Plaintiff "specifically objected to Judge Mehalchick's [R&R] based on grounds that Plaintiff's Document 81 Objections to Judge Mehalchick's Document 75 Order Granting the Commonwealth Defendant's Document 73 Motion for Extension of Time, was still pending before this Court without final disposition." (Doc. 144, at 1). The following three pages of Plaintiff's brief purportedly support this argument, although they are largely irrelevant with respect to the current motion given that they are generally either re-assertions of Plaintiff's prior arguments as to why this Court should reverse Magistrate Judge Mehalchick's Document 75 Order or impermissible new arguments with respect to the correctness of Document 75.

The Court acknowledges that, at the time it ruled on Magistrate Judge Mehalchick's R&R (Doc. 134), it had not yet ruled on Plaintiff's Objections (Doc. 81) to the Magistrate Judge's Order (Doc. 75), and specifically the portion of the Order that Plaintiff now takes issue with: the Magistrate Judge's grant of Defendants Bartholomew, Bordner, Brumfield, Burgos, Delbaugh, Ebersole, Fetterman, Foulds, Hamilton, Luscavage, Ritchey, Taylor and Wariki's Motion for an Extension of Time (Doc. 73). However, the Court did subsequently rule on Plaintiff's appeal (Doc. 81) on March 3, 2015. In its Order (Doc. 148), the Court affirmed each of the Magistrate Judge's five decisions with respect to non-dispositive motions, including finding that Magistrate Judge Mehalchick "was well-within her authority to grant this motion [Doc. 73] and Plaintiff was in no way prejudiced by this ruling. . . ." (Doc.

148, at ¶ 1(d)). As a result, although the Court had not ruled on Plaintiff's appeal prior to ruling on the R&R, the Court's ruling with respect to the R&R would have been the same, regardless of when the Court ruled. Thus, Plaintiff suffered no prejudice.

It goes without saying that, had this Court found merit in the Plaintiff's appeal, it would have reversed the Magistrate Judge's rulings and afforded Ryder appropriate relief, including vacating the portions of the R&R it had previously adopted. However, this Court found no merit in the Plaintiff's assertions in Document 81 and his brief in support of his appeal (Doc. 83), and thus adopted the Magistrate Judge's Order on March 3, 2015. (Doc. 148). Thereafter, this Court entered a final Order entering judgment against the Plaintiff on March 4, 2015. (Doc. 149).

Plaintiff also argues that the District Court "committed an error of law by failing to rule on Plaintiff's Doc. 81 Objection to Judge Mehalchick's Doc. 75 Order granting the Medical Defendant's Doc. 72 Motion for Stay of Discovery . . . while concurrently failing to rule on Plaintiff's pending Doc. 86 Objection to Judge Mehalchick's Doc. 82 Order . . . ." (Doc. 144, at 6). This Court ruled on Plaintiff's appeals (Docs. 81, 86) of Magistrate Judge Mehalchick's orders regarding several non-dispositive motions on March 3, 2015, finding that the Magistrate Judge was within her discretion to grant Defendants' Motion to Stay (Doc. 72) and that Plaintiff's second appeal (Doc. 86) failed to address why Magistrate Judge Mehalchick was incorrect in denying his Rule 56(d) Motion to Continue or why he believed his motion should have been granted. (Doc. 148, ¶¶ 1(e), 2). Thus, Plaintiff's

7

argument is subject to the same analysis as set forth immediately above; i.e. Plaintiff suffered no prejudice in the Court's ruling on his appeals following its ruling on Magistrate Judge Mehalchick's first R&R and that had this Court found merit in the Plaintiff's appeals, it would have reversed the Magistrate Judge's rulings and afforded the Plaintiff all appropriate relief.

Plaintiff's final argument in support of his Rule 59(e) motion is somewhat unclear. In summary, Plaintiff argues that "[t]his Court, by Granting the Commonwealth Defendant's motion in its entirety based on Judge Mehalchick's limited analysis insofar as it relates to events encompassed within Grievance No. 456907, (Doc. 141, at p.4), simply ignores Plaintiff's claim that Grievance No. 473239, which was appealed to final review, shares a factual basis with Plaintiff's independent claims . . . " and that the Court "fail[ed] to recognize that, if the District Court determines that Plaintiff's Third Amended Complaint contains both exhausted and unexhausted claims, it must dismiss the unexhausted claims and consider the exhausted claims on the merits in accordance with Supreme Court precedent . . . " (Doc. 144, at 5). The Court interprets these statements as arguing that, even if Grievance No. 456907 was not exhausted and therefore the claims related to this Grievance were properly dismissed, Grievance No. 473239, which Plaintiff contends was exhausted, provides a basis for the Court to consider his claims in this action. In Grievance No. 473239 (Doc. 124-2, Attach. E), Ryder characterizes his Grievance as a "request[] that I be provided an initial stage response to Grievance No. 456907 without further delay." Grievance No.

473239's reference to Grievance No. 456907 does not create a shared "factual basis" with Grievance 456907. Rather, the Grievance appears to be purely procedural, requesting only that someone respond to his prior Grievance. Grievance No. 473239 does not raise any substantive issues that relate to Ryder's Third Amended Complaint. Further, the fact that Ryder alleges he exhausted Grievance No. 463249 does not excuse his admitted failure to exhaust Grievance No. 456907, a Grievance which may have formed a basis for some of his claims.

## C. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's "Rule 59(e) Motion to Alter or Amend Document Number 128 Order Entered on January 16, 2015 and Document 141 Order Entered on January 20, 2015" (Doc. 143) as well as his Letter dated March 11, 2015, which has been construed as a renewed request to alter or amend "Document Number 128 Order Entered on January 16, 2015 and Document 141 Order Entered on January 20, 2015" (Doc. 150).

A separate Order follows.

Robert D. Mariani
United States District Judge